IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARQUIS WELLINGTON,

    **Plaintiff,**

    v.                                                               CASE NO. 21-3040-SAC

SALINE COUNTY JAIL,

    **Defendant.**

## ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. On February 9, 2021, the Court entered a Notice of Deficiency (Doc. 2), directing Plaintiff to resubmit his Complaint on the court-approved form due to a missing page on his original complaint; and to either pay the filing fee or submit a motion for leave to proceed *in forma pauperis*. Plaintiff resubmitted his Complaint, but failed to either pay the filing fee or submit a motion for leave to proceed *in forma pauperis* by the Court's March 11, 2021 deadline. The Notice provides that "[i]f you fail to comply within the prescribed time, the Judge presiding over your case will be notified of your non-compliance, and this action may be dismissed without further notice for failure to comply with this court order." (Doc. 2, at 1.) On March 15, 2021, the Court entered an Order to Show Cause (Doc. 4), granting Plaintiff until March 31, 2021, in which to show good cause why this action should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with court orders. The Court's order was mailed to Plaintiff at his current address of record and was returned as undeliverable. (Doc. 5.)

The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last

address of record of an attorney or pro se party is sufficient notice." D. Kan. Rule 5.1(c)(3). Plaintiff has failed to provide the Court with a Notice of Change of Address.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to provide the Court with a Notice of Change of Address and failed to respond to the Court's Order to Show Cause by the Court's deadline.

**IT IS THEREFORE ORDERED THAT** this matter is dismissed without prejudice under Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated April 5, 2021, in Topeka, Kansas.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**
